DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Athens Municipal Court judgment finding that Gary Wells, defendant below and appellant herein, violated his community control conditions and imposing thirty days of his suspended jail sentence.
 {¶ 2} Appellant raises the following assignments of error for review:
 "THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE WHEN IT GRANTED THE STATE'S MOTION *Page 2 
TO IMPOSE, WHEN THAT MOTION WAS NOT SUPPORTED BY CREDIBLE EVIDENCE."
 {¶ 3} On June 8, 2006, appellee requested the trial court to impose jail time that it had suspended in two prior cases. Appellee alleged that appellant violated "no contact" orders that the court had imposed as a condition of suspending the jail time. Appellee asserted that in the first case, appellant pled no contest to persistent disorderly conduct and the trial court sentenced him to thirty days in jail with the jail sentence suspended on the condition that appellant, inter alia, have no contact with Elizabeth Taylor. In the second case, appellant pled no contest to violating a protection order and the court sentenced him to 180 days in jail with 170 days suspended on the condition that he, inter alia, have no contact with Tim Taylor or Elizabeth Taylor.
 {¶ 4} At the hearing appellee presented evidence to show that on April 8, 2006, Stephen Bailey and Tim Taylor were at Ketchum's Campground. Bailey saw appellant driving on State Route 144, about fifty yards from his camper, and looking in his and Taylor's direction. Taylor also saw the vehicle at that time, but was not sure whether appellant was driving. Moments later, Taylor and Bailey saw appellant drive through the campground and come within seventy-five to one hundred feet of them. Both Taylor and Bailey testified that appellant does not have a camper at the campground. Taylor also stated that appellant knows that he and his wife (who is appellant's ex-wife) have a camper at the *Page 3 
campground.
 {¶ 5} In contrast to the foregoing evidence, appellant denied that he had been near the campground that day. Rather, appellant testified that he had been with his girlfriend who had been driving her car.
 {¶ 6} After hearing the evidence, the trial court determined that appellant violated its no contact order and sentenced appellant to serve thirty days in jail. This appeal followed.
 {¶ 7} In his sole assignment of error, appellant asserts that the trial court erred by imposing his previously suspended jail sentence. In particular, appellant asserts that the evidence does not establish that he violated the community control conditions that he have no contact with Tim Taylor.
 {¶ 8} "`The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege'"[1]. State v.Ohly, 166 Ohio App.3d 808, 2006-Ohio-2353, 853 N.E.2d 675, at ¶ 19, quoting State v. Bell (1990), 66 Ohio App.3d 52, 57, 583 N.E.2d 414. "Because a community control revocation hearing is not a criminal trial, the State does not have to establish a violation with proof beyond a reasonable doubt." Wolfson, at ¶ 7; see, also, State v. Payne, Warren App. No. CA2001-09-081, 2002-Ohio-1916; State v. Hylton (1991),75 Ohio App.3d 778, 782, 600 N.E.2d 821. Instead, the state need *Page 4 
only present "substantial" proof that a defendant willfully violated the community control conditions. See Hylton, 75 Ohio App.3d at 782. "The test ordinarily applied is highly deferential to the decision of the trial court and is akin to a preponderance of the evidence burden of proof. See State v. Alderson (Aug. 31, 1999), Meigs App. No. 98CA12, unreported. Accordingly, the court's conclusion must be sustained if there is competent credible evidence to support it. Id." State v.Hayes (Aug. 10, 2001), Wood App. No. WD-00-075. Additionally, the "[d]etermination of the credibility of the witnesses is for the trier of fact." Ohly, at ¶ 19.
 {¶ 9} Once a trial court finds that a defendant violated community control conditions, it possesses discretion to revoke the defendant's community control. In that event, appellate courts should not reverse trial court decisions unless a court abused its discretion.Wolfson, at ¶ 8; State v. Umphries (July 9, 1998), Pickaway App. No. 97CA45. Generally, an abuse of discretion connotes more than an error in law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. See, e.g., State v. Bethel,110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, at ¶ 95.
 {¶ 10} In the instant case, appellant disputes the trial court's finding that he violated the terms of his "no contact" order. He contends that the prosecution failed to present competent evidence to demonstrate that he had "contact" with Taylor because the evidence shows, at most, that he drove his *Page 5 
vehicle through the campground where Taylor camped and that he stopped his vehicle on a road across from the campground. Appellant argues that this evidence is insufficient to show that he had "contact" with Taylor.
 {¶ 11} "Contact" has been defined as "a state or condition of touching; touch; proximity or association; connection. See Defiance v.Mohr (June 12, 1991), Defiance App. Nos. 4-90-5 and 4-90-6. Webster's Encyclopedic Dictionary (1989) 210, defines "contact," in part, as "the state of touching or meeting; a coming into association or establishing of communication." Thus, the definition of "contact" clearly contemplates non-physical contact. See Mohr (finding that "contact" means more than physical touching but may include being in proximity to another); see, also, State v. Mason, Franklin App. No. 01AP-847, 2002-Ohio-2803 (rejecting argument that "contact" must include physical touching). In the case sub judice, we believe that the evidence supports the trial court's conclusion that appellant had "contact" with Taylor. Appellant drove his truck through the campground where Taylor camped. Appellant was not camping there and was not visiting anyone. He knew Taylor was at the campground. In light of the parties' history and the fact that Taylor is married to appellant's ex-wife, the trial court, sitting as the fact finder, could rationally infer that appellant was at the campground to harass Taylor. Thus, we agree with the trial court's conclusion that appellant's conduct in driving his vehicle through the campground in proximity to Taylor constitutes *Page 6 
"contact" and violates the court's order.
 {¶ 12} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's sole assignment of error and affirm the trial court's judgment.
[1] Prior case law governing probation revocations applies to the revocation of community control. State v. Wolfson, Lawrence App. No. 03CA25, 2004-Ohio-2750.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McFarland, P.J. concurs in Judgment Opinion.
 Harsha, J. dissents. *Page 1