DECISION AND JUDGMENT ENTRY
{¶ 1} Jason Belcher appeals from a Lawrence County Common Pleas Court judgment entry revoking his community control and ordering him to serve the balance of his three-year prison term after Belcher was arrested at the scene of a car accident for traffic charges and possession of drugs.
 {¶ 2} First, Belcher contends the trial court erred in relying upon the results of a urinalysis in the absence of both foundational evidence of its reliability and testimony concerning the chain of evidence. We reject these contentions because Belcher failed to object to the admission of the test, the Rules of Evidence do not strictly apply to community control revocation hearings and the trial court placed minimal, if any, reliance upon the results. *Page 2 
 {¶ 3} Second, he argues he did not have sufficient notice of the terms and conditions of community control as they were not introduced into the record. However, Belcher previously signed a form acknowledging the conditions. This form is part of the record, as is the notice of violation, which identifies specific terms that he allegedly violated. Therefore, Belcher received sufficient notice of the conditions and the nature of the alleged violation.
 {¶ 4} Next, he contends the state's evidence does not support the finding that he violated the conditions. However, the state presented evidence Belcher possessed cocaine and violated his curfew. Moreover, Belcher admitted taking Xanax and did not produce a doctor's prescription authorizing its use. Any one of these acts amounts to a violation.
 {¶ 5} Finally, he argues he should have received a more restrictive community control sanction rather than reimposition of his prison sentence. A trial court has discretion to choose among three options, including reimposition of prison, upon finding a violation. Due to the blatant and dangerous nature of Belcher's conduct, the trial court did not abuse its discretion when it revoked Belcher's community control and sentenced him to serve the balance of his three-year prison term. We affirm the trial court's judgment.
 I. FACTS {¶ 6} In November 2005, Belcher pled guilty to possession of cocaine and criminal damaging or endangering and was sentenced to serve a total of three years imprisonment. In May 2006, the trial court granted Belcher judicial release effective in June of 2006, ordered him to serve four years community control upon his release from *Page 3 
prison, and retained jurisdiction to sentence him to the balance of his three-year sentence if he violated the conditions of the community control sanction. Belcher signed a form acknowledging the terms and conditions of his community control, including that he (1) "abide by and obey all traffic and criminal laws", (2) comply with midnight curfew on weekends, and (3) "not use, own, possess or have immediate control of any type of controlled substance, drug, or narcotic, except on prescription by a physician." This form appears in the record.
 {¶ 7} In the early morning hours of Sunday, July 2, 2006, Belcher was arrested past curfew and charged with speeding, driving with a suspended license, and possession of cocaine. The state filed a motion to revoke Belcher's community control on the ground that he violated the terms of the sanction.
 {¶ 8} According to the evidence at the revocation hearing, police officers arrived at the scene of an accident at approximately 10 minutes before midnight on Saturday, July 1. Belcher's vehicle was involved in the accident, which occurred approximately 15 to 20 miles from his home; the police cited Belcher for driving under suspension and speeding. At the scene, police officers found a small bag of powder cocaine underneath the driver's seat of Belcher's vehicle, and they confiscated a small piece of rock cocaine in a pack of cigarettes Belcher acknowledged as his. The police placed Belcher under arrest and transported him to the police station where a urinalysis tested positive for cocaine, benzodiazepines, and methamphetamines. Upon being informed of the test results, Belcher admitted both orally and in writing that he had ingested Xanax, i.e., benzodiazepine. Without objection, the trial court admitted into evidence the urinalysis test result and Belcher's signed acknowledgement that he used *Page 4 
without proper medical authorization. Belcher presented no evidence on his behalf at the hearing.
 {¶ 9} At the conclusion of the revocation hearing, the trial court expressly relied upon evidence concerning Belcher's possession of crack and powder cocaine and his curfew violation. The court found that Belcher had violated the terms of his community control sanction, revoked community control, and ordered him to serve the balance remaining on his three-year sentence.
 II. ASSIGNMENTS OF ERROR {¶ 10} Belcher appealed the court's judgment and assigns the following errors:
Assignment of Error Number One
 The trial court committed prejudicial, reversible error when it found that defendant-appellant had violated the terms of his Community Control Sanctions where it relied upon the results of a urinalysis in the absence of testimony as to the reliability, accuracy or science behind the test, and further, the State fails to establish a complete chain of custody of the urine sample.
 Assignment of Error Number Two
 The trial court committed prejudicial, reversible error when it found that defendant-appellant violated the terms of his Community Control Sanctions when said terms were never admitted into the record.
 Assignment of Error Number Three
 The trial court committed prejudicial, reversible error when it found defendant-appellant to have violated the terms of his Community Control Sanctions, where the State of Ohio failed to establish substantial, credible evidence that defendant-appellant Jason Belcher had violated his Community Control Sanctions. *Page 5 
 Assignment of Error Number Four
 The trial court abused its discretion in imposing the balance of defendant-appellant's sentence where more restrictive terms of community control sanctions and/or drug rehabilitation would have better served the purposes of the felony sentencing statutes.
 III. WEIGHT OF THE EVIDENCE {¶ 11} In his first and third assignments of error, Belcher contends the trial court's finding of a violation was based upon unreliable test results and is not supported by the weight of the evidence.
 {¶ 12} A community control revocation hearing is not a criminal trial, so the state is not required to establish a violation of the terms of community control "beyond a reasonable doubt." Instead, the state must present "substantial" proof that a defendant violated the terms of his community control sanctions. Because this standard is akin to the preponderance of evidence burden of proof, we apply the "some competent, credible evidence" standard set forth in C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, to determine whether a court's finding of a violation is supported by the evidence. See State v.Wells, Athens App. No. 06CA30, 2007-Ohio-906, at ¶ 8; State v.Wolfson, Lawrence App. No. 03CA25, 2004-Ohio-2750, at ¶ 7. We review the court's subsequent decision on the appropriate sanction under an abuse of discretion standard. Wells, at ¶ 9; Wolfson, at ¶ 8. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Wolfson, supra.
 {¶ 13} Belcher argues the trial court's revocation of his community control was not supported by the evidence because the trial court relied on the results of the *Page 6 
urinalysis in the absence of any evidence concerning the test's reliability and a chain of custody for the urine sample.
 {¶ 14} The record reflects that Belcher's counsel vigorously cross-examined the state's witnesses concerning the urinalysis, but did not formally object to the admission of the test results. Because Belcher failed to raise a proper objection, waiver precludes him from claiming error on appeal in the trial court's admission of the test results. State v. Awan (1986), 22 Ohio St.3d 120, 122, 489 N.E.2d 277, at the syllabus. Moreover, the evidence Belcher challenges was presented at a community control revocation hearing where the Ohio Rules of Evidence do not strictly apply. Evid.R. 101(C)(3); Kincer, supra, at ¶ 6; State v. Estep, Gallia App. No. 03CA22, 2004-Ohio-1747, at ¶ 6.
 {¶ 15} Finally, contrary to Belcher's contention, the trial court's finding of a violation was not based upon the urinalysis test results. Rather, the court's finding specifically relied upon evidence that Belcher possessed both crack and powder cocaine and was in violation of his curfew when he was arrested. Even without the evidence concerning Belcher's possession of cocaine and curfew violation, neither of which Belcher challenges here, Belcher signed a statement admitting his use of Xanax. This admission is sufficient to establish a violation of the condition that he "not use, own, possess or have immediate control of any type of controlled substance, drug, or narcotic, except on prescription by a physician."
 {¶ 16} The trial court did not rely upon unreliable evidence or base its decision on nonexistent proof. Accordingly, we overrule Belcher's first and third assignments of error. *Page 7 
 IV. LACK OF NOTICE {¶ 17} In his second assignment of error, Belcher claims the trial court erred in finding that he violated the terms of his community control sanctions because the terms were never admitted into the record. This claim is also meritless.
 {¶ 18} Upon being placed on community control, Belcher signed a document containing all the terms and conditions of this sanction. The acknowledgement was filed with the lower court and made a part of the record in June 2006. The specific terms and conditions of the community control sanctions Belcher allegedly violated were specifically identified in the state's motion to terminate community control. That motion was filed with the lower court in July 2006 and served on Belcher before the revocation hearing. Thus, Belcher had notice of the terms before the alleged violation and the court was entitled to take judicial notice of them during its proceedings. See, In re Vaughn, Adams App. No. 00CA692, 2000 WL 33226177. And, because he received adequate notice of the alleged violation before his revocation hearing there is no due process violation here. Belcher's second assignment of error is meritless.
 V. THE APPROPRIATE SANCTION {¶ 19} Finally, Belcher contends that in order to comply with the purposes of felony sentencing, the trial court should have imposed tighter terms of community control and/or drug rehabilitation rather than reimposing his prison sentence.
 {¶ 20} Under R.C. 2929.15(B), a trial court has three options when an offender violates the conditions of his community control: (1) lengthen the terms of the community control sanction, (2) impose a more restrictive community control sanction, or (3) impose a prison term that does not exceed the prison term specified in the notice *Page 8 
provided to the offender at the sentencing hearing. Once the court finds a community control violation exists, we review the court's decision to revoke community control under an abuse of discretion standard. SeeWolfson, supra.
 {¶ 21} In light of Belcher's blatant disregard for the original conditions (he was placed on community control in conjunction with a prior cocaine case) and the dangerous conduct involved here, we hold the court did not abuse its discretion in revoking Belcher's community control and imposing the remainder of his three-year prison term. R.C.2929.15(B); Adams, supra. Belcher's fourth assignment of error is overruled.
 {¶ 22} Having overruled each of Belcher's assignments of error, we affirm the trial court's judgment.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J. Kline, J.: Concur in Judgment and Opinion. *Page 1