OPINION
{¶ 1} Defendant-Appellant, Jeffrey D. King, Sr., appeals from the trial court's revocation of his community control. As a result of the trial court's finding Appellant violated the terms of his community control, Appellant was sentenced to three years on one count of Unlawful Sexual Conduct with a Minor, in violation of R.C. 2907.04 and three years on one count of Domestic Violence, in violation of R.C. 2919.25 to be served concurrently with each other. Appellant also received a sentence of one year for one count of Failure to Comply with an Order or Signal of a Police Officer, in violation of R.C. 2921.331 to be served consecutive to the three-year sentence for a total of four years incarceration. He received sentences on two misdemeanor counts, Endangering Children, in violation of R.C. 2919.22 and Resisting Arrest, in violation of R.C. 2921.33, which were ordered to be served concurrent to the felony sentences.
 {¶ 2} Initially, Appellant was sentenced to prison but was granted judicial release after serving more than one year in prison. On October 24, 2005, Appellant's motion for judicial release was granted and Appellant was placed on five years of community control which included an order to complete four to six months at SRCCC. A motion to modify or revoke Appellant's probation was filed on March 17, 2006. It appears, from the transcript of proceedings, the trial court wanted to establish where the Appellant was to live after he was released from SRCCC. A second motion to modify or revoke Appellant's probation was filed on June 8, 2006. An evidentiary hearing was held on July 10, 2006. Following the hearing, Appellant's community control was revoked and sentence was imposed. *Page 3 
 {¶ 3} A Motion for Delayed Appeal was granted on April 27, 2007. On July 25, 2007, counsel for Appellant filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, rehearing den. (1967),388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth proposed Assignments of Error.
 I. {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT DEFENDANT-APPELLANT VIOLATED THE TERMS OF HIS COMMUNITY CONTROL.
 II. {¶ 5} "DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION 10 OF THE OHIO CONSTITUTION."
 {¶ 6} In Anders, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and *Page 4 
dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 7} Counsel in this matter has followed the procedure in Anders v.California (1967), 386 U.S. 738, we find the appeal to be wholly frivolous and grant counsel's motion to withdraw. Appellant has not filed a brief of his own or suggested any other possible Assignments of Error.
 STATEMENT OF CASE AND FACTS {¶ 8} Appellant's probation officer filed a Motion to Modify or Revoke his probation for violation of Rule Number Five of his Rules of Community Control. Rule Five required him to follow all written and verbal orders of his supervising probation officer.
 {¶ 9} At the outset of the probation violation hearing, counsel for Appellant placed on the record Appellant's desire to have the hearing continued so he could retain counsel of his own choosing. The trial court noted the matter had already been continued twice for that purpose, and Appellant had not retained his own counsel.
 {¶ 10} After the trial court denied the motion to continue, the probation officer testified Appellant was required to appear promptly at 8:30 a.m. for drug testing when his assigned color came up for testing. Appellant failed to submit to drug testing on May 17, May 19, May 23, June 2, and June 8 of 2006. The probation officer called Appellant and advised him he was required to submit to these drug tests. Appellant offered no excuse as to the reason he missed the tests in the first conversation with his probation officer. The last time she spoke with Appellant, he advised his probation officer he had transportation issues causing him to miss the drug tests. On cross examination, the *Page 5 
probation officer testified Appellant told her he was not making the drug tests due to a conflict with his work schedule. Because Appellant had missed drug tests prior to obtaining employment, his probation officer was not willing to find an alternative solution. The probation officer testified most employers are willing to work with employees who have to appear for the drug testing despite any interference with the workday. Appellant was in compliance with all other aspects of his community control.
 {¶ 11} Appellant testified at the hearing that he missed the first three drug screening due to transportation issues. He was employed by American Tire Centers where he was required to begin working at 8:00 a.m. Appellant was employed as a certified mechanic prior to being convicted in these cases. He testified he was required to be present when the store opened on certain days as a condition of his rehiring. The store was unable to open if a certified mechanic was not present. He testified he was looking for an afternoon position to permit him to attend the drug tests.
 I. {¶ 12} Because a community control revocation hearing is not a criminal trial, the State does not have to establish a violation with proof beyond a reasonable doubt. State v. Payne, Warren App. No. CA2001-09-081, 2002-Ohio-1916, citing State v. Hylton (1991),75 Ohio App.3d 778, 782, 600 N.E.2d 821. Instead, the prosecution must present "substantial" proof that a defendant violated the terms of his community control sanctions. Id., citing Hylton at 782, 600 N.E.2d 821. Accordingly, we apply the "some competent, credible evidence" standard set forth in C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, to determine whether a court's finding that a defendant violated the terms of his community control sanction is supported by the *Page 6 
evidence. See State v. Umphries (July 9, 1998), Pickaway App. No. 97CA45; State v. Puckett (Nov. 12, 1996), Athens App. No. 96CA1712.
 {¶ 13} This highly deferential standard is akin to a preponderance of the evidence burden of proof. See State v. Kehoe (May 18, 1994), Medina App. No. 2284-M.*2 Once a court finds that a defendant violated the terms of his community control sanction, the court's decision to revoke community control may be reversed on appeal only if the court abused its discretion. Columbus v. Bickel (1991), 77 Ohio App.3d 26, 38,601 N.E.2d 61. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Maurer (1984), 15 Ohio St.3d 239,253, 473 N.E.2d 768.
 {¶ 14} Appellant asserts there was insufficient evidence presented to support the trial court's revocation of his community control.
 {¶ 15} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. Reviewing courts should accord deference to the trial court's decision because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections which cannot be conveyed to us through the written record, Miller v. Miller (1988), 37 Ohio St.3d 71. State v.Brank, L 657704, *1 -2 (Ohio App. 5 Dist.,2007).
 {¶ 16} Both the Appellant and the probation officer testified the Appellant missed several drug tests. Appellant offered explanations as to why he missed the tests, however, the Court after hearing the testimony concluded Appellant violated the terms of his community control or probation. The trial court either did not believe Appellant's *Page 7 
excuses or found them to be insufficient reasons for missing the tests. This Court cannot say this was an abuse of discretion. Given Appellant's own admission to missing the tests, there certainly was sufficient evidence to support the trial court's finding that Appellant violated his probation.
 {¶ 17} Appellant's first proposed Assignment of Error is overruled.
 II. {¶ 18} Counsel for Appellant suggests as a second Assignment of Error that Appellant was denied effective assistance of counsel.
 {¶ 19} Ohio adopted the standard contained in Strickland in the case of State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
 {¶ 20} The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to Appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373.
 {¶ 21} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142,538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id. *Page 8 
 {¶ 22} In order to warrant a reversal, Appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter (1995), 72 Ohio St.3d 545, 558,651 N.E.2d 965, citing Lockhart v. Fretwell, supra.
 {¶ 23} Counsel for Appellant presented evidence offering an explanation for missing the drug tests by way of Appellant's testimony. Further, counsel for Appellant challenged the probation officer competently by eliciting testimony from her which corroborated Appellant's testimony.
 {¶ 24} Counsel even preserved for the record Appellant's desire to have counsel of his own choosing. Although this was not raised as a potential Assignment of Error, we will nonetheless address it. The decision to grant or deny a continuance "is a matter that is entrusted to the broad, sound discretion of the trial judge." State v.Williamson, 2005 WL 3112873, *4 (Ohio App. 5 Dist.) citing State v.Unger (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078, syllabus.
 {¶ 25} The trial court denied the motion to continue based on Appellant's failure to avail himself of two other continuances for the purpose of allowing Appellant to retain his own counsel. We do not find an abuse of discretion in the trial court's denial of the motion to continue.
 {¶ 26} There is no evidence counsel's performance fell below the objective standard of reasonable representation.
 {¶ 27} Appellant's second proposed Assignment of Error is overruled. *Page 9 
 {¶ 28} The judgment of the Stark County Court of Common Pleas, General Division, is affirmed.
By Edwards, J. Gwin, P. J. and Wise, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, General Division, is affirmed.
Attorney Gregory L. Golub's motion to withdraw as counsel for Appellant is hereby granted.
 COSTS TAXED TO APPELLANT. *Page 1