DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment that revoked a community control sanction imposed on Kyle D. Colley, defendant below and appellant herein, and sentenced him to prison.
 {¶ 2} Appellant assigns the following errors for review:
FIRST ASSIGNMENT OF ERROR:
 "THE COMMUNITY CONTROL TERMINATION PROCEEDINGS VIOLATED APPELLANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO *Page 2 
 CONSTITUTION."
 SECOND ASSIGNMENT OF ERROR:
 "APPELLANT'S FAILURE TO SUCCESSFULLY COMPLETE THE STAR PROGRAM WAS BROUGHT ABOUT BY THE WITHHOLDING OF ANY TREATMENT FOR HIS MENTAL ILLNESS. IT WAS ERROR TO REVOKE COMMUNITY CONTROL SOLELY FOR APPELLANT'S FAILURE TO CONSENT TO THE CONTINUED WITHHOLDING OF NECESSARY MEDICAL TREATMENT AS A CONDITION OF REMAINING IN THE PROGRAM."
 THIRD ASSIGNMENT OF ERROR:
 IMPOSITION OF SENTENCE WITHOUT AFFORDING APPELLANT HIS RIGHT OF ALLOCUTION AS GUARANTEED UNDER OHIO LAW WAS ERROR."
 {¶ 3} In 2004, appellant was indicted on two counts of aggravated drug possession, tampering with evidence and escape. Although he initially pled not guilty to all counts, he subsequently pled guilty to escape. The trial court sentenced him to serve five years of community control which included, inter alia, a requirement that he successfully complete the chemical dependancy treatment program at the STAR Community Justice Facility (STAR program).[1]
 {¶ 4} On November 17, 2005, the Chief Probation Officer filed a notice that appellant had failed to complete the STAR program and, thus, had violated the terms of his community control. At the evidentiary hearing, STAR program manager Rod Sturgill testified that appellant asked to be released from the program as it "was just too much for him emotionally." The trial court determined that appellant violated community control because he "voluntarily sign[ed] himself out of STAR." The trial court delayed *Page 3 
its disposition, however, to provide counsel additional time to locate an alternate "locked down facility" that could treat appellant's alleged mental health issues.
 {¶ 5} At disposition, both the prosecution and the Scioto County Probation Department recommended the revocation of community control. Appellant's counsel did not recommend any other facility. Thereupon, the trial court revoked appellant's community control and sentenced him to serve two years in prison. This appeal followed.
 I {¶ 6} Before we review appellant's assignments of error, we first address a procedural deficiency. Appellant assigns three errors in his brief, but includes only a single argument. This violates App.R. 16(A)(7) which requires a separate argument for each assignment of error. Additionally, the failure to include a separate argument for each assignment of error allows us to disregard them. App.R. 12(A)(2). Thus, we are within our authority to summarily overrule appellant's assignments of error and affirm the judgment. See State v. Caldwell
(1992), 79 Ohio App.3d 667, 677, 607 N.E.2d 1096, at fn. 3; State v.Houseman (1990), 70 Ohio App.3d 499, 507, 591 N.E.2d 405; also seePark v. Ambrose (1993), 85 Ohio App.3d 179, 186, 619 N.E.2d 469. Moreover, in previous cases we have informed appellant's counsel about this rule. See State v. Bennett, Scioto App. No. 05CA2997,2006-Ohio-2757, at ¶ 9, fn. 3; Childers v. Childers, Scioto App. No. 05CA3007, 2006-Ohio-1391, at¶ 12; In re Malone (May 11, 1994), Scioto App. No. 93CA2165. However, in the interest of fairness and justice to the appellant, we will review his assignments of error on their merits.
 II {¶ 7} Appellant asserts in his first assignment of error that the trial court denied *Page 4 
him a wide array of procedural due process rights. We disagree.
 {¶ 8} First, appellant claims the trial court prevented him from presenting exculpatory evidence. Our review of the transcripts, however, reveals no indication that the trial court acted in that manner. Although appellant introduced no evidence on his own behalf, it appears that he simply had no evidence to submit for the court's consideration. Nothing in the transcripts indicates that appellant wanted to introduce evidence, but was denied the opportunity to do so. Nor does appellant identify in his argument the nature of his alleged evidence.
 {¶ 9} Appellant also claims that the trial court did not provide him a written report of the court's findings. However, on January 4, 2006 the trial court issued an entry that found that appellant violated community control. The court did not state its reasons, but at the December 23, 2005 hearing the court made clear that the violation resulted from appellant signing himself out of the STAR program.
 {¶ 10} Appellant also asserts that he did not receive written notice of the community control violation. However, the January 4, 2006 entry notes that appellant "was duly served with written notice of specific charges against him." Nothing in the record contradicts the court on this point and counsel did not object to the court's finding.
 {¶ 11} Appellant also claims that the trial court did not act as a "neutral and detached" body in hearing this case. Our review, however, reveals nothing in the record to suggest that the court was biased in any fashion. To the contrary, the court exhibited concern about the potential disposition in this case. Defense counsel had additional time to locate an alternate treatment facility. When the case came on for disposition, the court acted. Indeed, after the court imposed the two year sentence the *Page 5 
court noted that this was "the shortest sentence [he had] ever given anybody on an F-3 who [was] going to prison."
 {¶ 12} Appellant also claims that he was denied the opportunity to "confront adverse witnesses." The transcripts, however, reveal that defense counsel cross-examined both of the State's witnesses.
 {¶ 13} For these reasons, we find nothing in the record to constitute a procedural due process violation. Accordingly, we hereby overrule appellant's first assignment of error.
 {¶ 14} Appellant's second assignment of error asserts that the reason he failed to complete the STAR program is because the program withheld "treatment for his mental illness." The record, however, does not support appellant's allegations.
 {¶ 15} The uncontroverted evidence reveals that appellant voluntarily terminated his participation in the program. Indeed, Rod Sturgill testified that the STAR program is simply a "behavior modification and alcohol and drug abuse facility." It does not appear that the STAR program provides mental illness treatment, but nothing suggests that mental health treatment was "withheld." We also point out that no evidence suggests that appellant's decision to quit the program is linked to his mental illness. True, appellant informed Sturgill that the program was too much for him "emotionally," but no indication exists in the record that appellant's mental illness made him any less able to cope with the emotional toll of that program than other participants. For these reasons, we hereby overrule appellant's second assignment of error.
 {¶ 16} Appellant's third assignment of error asserts that the trial court failed to *Page 6 
grant him his right allocution required under Ohio law.[2] Once again, the record refutes appellant's argument.[3] The July 13, 2006 disposition hearing transcript reveals that the court explicitly asked "anything you want to say, Mr. Colley?" Appellant made a brief statement. Thus, the trial court afforded appellant his allocution rights and we hereby overrule his assignment of error.
 {¶ 17} Therefore, in view of the fact that none of appellant's assignments of error are meritorious, we hereby overrule his assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously *Page 7 
granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Concurs in Judgment Opinion Kline, J.: Concurs in Judgment Only
[1] The other three charges were dismissed.
[2] R.C. 2929.19(A)(1) mandates that a sentencing hearing be held before any sentence is imposed and, at that hearing, the court must ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender. Likewise, Crim.R. 32(A)(1) requires that, at sentencing, the court "address the defendant personally and ask if he or she wishes to make statement in his or her own behalf."
[3] We assume, for the sake of argument and without deciding the issue, that the statute and rule applied to these proceedings. Our colleagues in the Fifth District concluded, however, that the allocution provisions (at least of Crim.R,. 32(A)(1)) do not apply in community control revocation proceedings. See State v. Krouskoupf, Muskingum App. No. CT2005-24, 2006-Ohio-783, at¶ 15. *Page 1