OPINION
{¶ 1} Defendant-appellant, Kenneth Favors, appeals from a Mahoning County Common Pleas Court judgment revoking his community control.
 {¶ 2} After reaching a plea agreement with plaintiff-appellee, the State of Ohio, appellant pleaded guilty to one count of intimidation, a third-degree felony in violation of R.C. 2921.03(A), and one count of retaliation, a third-degree felony in violation of R.C. 2921.05(A)(C). The trial court subsequently sentenced appellant to four years in prison on the intimidation count and four years on the retaliation count to be served concurrently.
 {¶ 3} The trial court also stated that it would grant appellant judicial release subject to good behavior after he served 180 days. As a condition of judicial release, the court specified that appellant would be on probation for five years, subject to all laws and regulations, among other conditions. Additionally, the court stated that if appellant violated the terms of his probation, he would be sent to the penitentiary to complete his prison term and would then be subject to post-release control for up to 50 percent of his total sentence.
 {¶ 4} On March 20, 2007, appellant filed a motion for judicial release. The trial court granted the motion on April 13, 2007. It placed appellant on a community control sanction for five years. The court informed appellant that if he violated any of the conditions of his community control, he would be retuned to the penitentiary to serve the remainder of his sentence.
 {¶ 5} On June 19, 2007, the state filed a motion to revoke appellant's community control. The trial court found that probable cause existed of a probation violation. Therefore, it held a merit hearing on the state's motion.
 {¶ 6} At the hearing, the state presented three witnesses. Given their testimony, the trial court found by clear and convincing evidence that appellant assaulted Debra Landry by striking her several times with a vacuum cleaner. The court found that appellant's conduct constituted misdemeanor assault. Because the court found that appellant violated the law, it consequently found that he violated the *Page 2 
terms of his community control. Therefore, the court ordered appellant to serve the remainder of his sentence, or 710 days.
 {¶ 7} Appellant did not file a timely appeal from this judgment. But he did file a motion for a delayed appeal. This court granted appellant leave to file a delayed appeal on March 17, 2008.
 {¶ 8} Appellant raises two assignments of error, the first of which states:
 {¶ 9} "THE TRIAL COURT DENIED MR. FAVORS HIS RIGHT TO ALLOCUTION AS REQUIRED BY CRIM.R. 32(A)(1)."
 {¶ 10} Appellant argues that the trial court failed to provide him with his right to allocution before it reinstated his sentence at his probation revocation hearing. He asserts that the trial court only elicited statements from the prosecutor and defense counsel. Appellant argues that the court should have given him the opportunity to speak in mitigation of his sentence. He contends that this failure was in violation of Crim. R. 32(A)(1).
 {¶ 11} Crim. R. 32(A)(1) provides that when imposing sentence, the trial court shall: "Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." This is known as the right of allocution. "The remedy for violating a defendant's right to allocution is a remand for resentencing." State v. Gunn (Aug. 7, 1998), 2d Dist. No. 16617.
 {¶ 12} In this case, the trial court did not ask appellant if he would like to make a statement on his behalf before reinstating his sentence. Appellant's counsel made a statement on appellant's behalf. However, appellant did not offer a statement on his own behalf nor did the trial court present him with such an opportunity.
 {¶ 13} But this is not a case where the trial court was imposing a sentence for the first time. The trial court was simply reinstating the sentence already imposed at appellant's original sentencing hearing, which took place after he was found guilty on *Page 3 
the underlying charges. The present hearing was a community control revocation hearing.
 {¶ 14} At appellant's original sentencing hearing, the trial court sentenced him to four years on each count to be served concurrently. Then, when the court granted appellant's motion for judicial release, it emphasized that if appellant violated the terms of his community control, he would be returned to the penitentiary to serve the remainder of his four-year term. Thus, once the trial court determined that appellant violated the terms of his community control, it simply had to order appellant to serve out the remainder of his prison term.
 {¶ 15} Two appellate districts that have directly addressed the issue at hand have determined that a trial court need not afford a defendant the right of allocution before reinstating a sentence at a community control revocation proceeding.
 {¶ 16} The Eighth District has held that the trial court is not required to ask the defendant if he has anything to say before imposing a sentence at a probation revocation hearing stating: "There was no requirement that appellant be afforded an opportunity to speak prior to the imposition of sentencing at his probation revocation proceeding."State v. Henderson (June 18, 1981), 8th Dist. No. 42765.
 {¶ 17} Likewise, the Fifth District in State v. Krouskoupf, 5th Dist. No. CT2005-0024, 2006-Ohio-783, at ¶ 15, held that the right of allocution does not apply at a community control revocation hearing, stating:
 {¶ 18} "The sentence that the appellant would receive if he violated community control sanctions had already been decided and announced by the trial court nearly two years earlier at the original sentencing hearing. The trial court was conducting a revocation hearing. There are no equivalent statutes or rules [as in Crim. R. 32(A)(1)] for such hearings."
 {¶ 19} We agree with the Fifth and Eighth Districts.[1] In a case such as this, where community control has been revoked and the trial court is simply reinstating an *Page 4 
already determined sentence, there is no need for the defendant to be afforded the right to make a statement in mitigation of his sentence. Presumably, the defendant was already afforded this right at his original sentencing hearing. That was the time that his statement could have had an effect on the court's sentence. At that time, the court had yet to determine what sentence to impose. But in cases such as the one at bar, where the sentence has already been imposed and the court has made clear that if the defendant violates the terms of his community control he will have to serve the remainder of his sentence, there is nothing the defendant can say at that point that could affect his sentence.
 {¶ 20} Accordingly, appellant's first assignment of error is without merit.
 {¶ 21} Appellant's second assignment of error states:
 {¶ 22} "THE COMMUNITY CONTROL TERMINATION PROCEEDINGS VIOLATED MR. FAVORS' RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."
 {¶ 23} Here appellant argues that the trial court denied him due process at his probation revocation hearing because the state failed to present competent, credible evidence to support the court's finding that he violated the terms of his release. He asserts that the only evidence the trial court had before it that he committed an assault was Debra Landry's testimony. Appellant argues that Landry's testimony was inconsistent and she admitted a bias against him. Therefore, appellant asserts that her testimony did not rise to the level of competent, credible evidence, which was required in order for the trial court to find that he violated the terms of his probation.
 {¶ 24} We will not reverse a trial court's decision to revoke probation absent an abuse of discretion. State v. Dinger, 7th Dist. No. 04CA814, 2005-Ohio-6942, ¶ 13. Abuse of discretion connotes more than an error of law or fact; it implies that the trial court's judgment is arbitrary, unreasonable, or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144. *Page 5 
 {¶ 25} At a community control revocation hearing, the burden on the state is not proof beyond a reasonable doubt, as it is in a criminal trial. State v. Hylton (1991), 75 Ohio App.3d 778, 782, 600 N.E.2d 821. This is because revocation proceedings are not part of the criminal prosecution. Morrissey v. Brewer (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. Instead, the quantum of evidence required in a probation revocation hearing "must be substantial." Hylton, 75 Ohio App.3d at 782. Because "substantial evidence" is not a defined standard, this court, like many of our sister districts, has likened this substantial evidence standard to that of "some competent, credible evidence" as set out inC.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus. See State v. Alexander, 3d Dist No. 14-07-45,2008-Ohio-1485, at ¶ 8; State v. Belcher, 4th Dist. No. 06CA32,2007-Ohio-4256, at ¶ 12; State v. King, 5th Dist. No. 2007CA00050,2007-Ohio-6176, at ¶ 12; State v. Winter (Apr. 27, 1999), 7th Dist. No. 791; State v. Soke (Aug. 11, 1989), 11th Dist. No. 88-L-13-133.
 {¶ 26} In order to determine if the trial court abused its discretion in revoking appellant's probation, we must examine the evidence put forth.
 {¶ 27} First, appellant's probation officer, Brian Worrell, testified. Worrell stated that one of the conditions of appellant's probation was that he was to obey all federal, state, and local laws. (Tr. 5). He further stated that appellant currently had an assault charge pending in the Youngstown Municipal Court as a result of the incident at issue. (Tr. 13). Worrell, however, had no independent knowledge of appellant's pending charge.
 {¶ 28} Detective Sergeant Ronald Rodway testified next. Detective Rodway also stated that appellant had a misdemeanor assault charge pending. (Tr. 16). Detective Rodway further testified that he took a statement from Debra Landry regarding her encounter with appellant. (Tr. 15).
 {¶ 29} Finally, Landry testified. Landry stated that she and appellant had a friendship. (Tr. 34). She testified that appellant showed up at her house after she had told him not to come over. (Tr. 24). However, she agreed that he could come in *Page 6 
so that the two could talk. (Tr. 24). Landry testified that appellant then took what appeared to be cocaine out of his hat. (Tr. 24-25). She told him that she did not want drugs in her house and grabbed the drugs from him. (Tr. 24). Landry stated that this angered appellant. (Tr. 24). She testified that appellant pushed her down onto her bed and pried the drugs from her hand. (Tr. 25). Landry stated that she then told appellant to get out of her house. (Tr. 26). She claimed that appellant pushed her back down onto the bed and beat her with the handle from her vacuum cleaner. (Tr. 26). She screamed for help and appellant ran out. (Tr. 26). Landry stated that the police showed up and went looking for appellant but did not find him that night. (Tr. 26, 39). As a result of being hit with the vacuum cleaner handle, Landry stated that she suffered bruises on her stomach, back, and thigh. (Tr. 29). She went to her doctor and had a friend take pictures of the bruises a few days later. (Tr. 29-30).
 {¶ 30} Given this testimony, the trial court did not abuse its discretion in finding that appellant violated the terms of his community control. The state was not required to prove that appellant had been convicted of any offense in order to prove that he violated the terms of his probation. State v. Murray (Feb. 9, 1994), 2d Dist. No. 3071. Instead it could prove, independently of any conviction, that appellant failed to obey the law. Id. The state did so.
 {¶ 31} The state proved that as a condition of his probation appellant was to obey all state laws. And Landry's testimony demonstrated that appellant assaulted her with a vacuum cleaner handle and left visible bruises on her body. There was no evidence to the contrary. Detective Rodway testified that as a result of the alleged altercation with Landry, appellant was charged with misdemeanor assault. The state was only required to prove its case by presenting competent, credible evidence. By presenting Worrell's, Landry's, and Detective Rodway's testimony the state proved its case.
 {¶ 32} Accordingly, appellant's second assignment of error is without merit. *Page 7 
 {¶ 33} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs. DeGenaro, P.J., concurs.
[1] It should be noted, however, that in State v. Colley, 4th Dist. No. 06CA3095, 2007-Ohio-6478, at ¶ 16, fn.3, the Fourth District stated that it was assuming, without deciding the issue, that the right of allocution applied at a community control revocation hearing. *Page 1