DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Ottawa County Court of Common Pleas, which revoked appellant's probation and ordered him to serve an 11 month sentence in prison on his conviction for escape, a violation of R.C. 2921.34(A), a felony of the fifth degree.
 {¶ 2} On December 6, 2005, appellant entered a plea of guilty to the violation of R.C. 2921.34(A). After the preparation and filing of a presentence investigation report, *Page 2 
the trial court sentenced appellant to "180 days in the Ottawa County Detention Facility or Ottawa County Misdemeanant facility [sic] if eligible." The court also placed appellant on two years of community control. The judge specifically noted that if appellant violated any term of his community control, the court would impose a stricter sanction, "specifically, a prison term of 11 months."
 {¶ 3} On February 8, 2007, appellant's probation officer filed a complaint asserting that appellant had violated the terms of his community control. In particular, the officer alleged that on February 4, 2007, appellant was arrested and charged with committing domestic violence and that on February 6, 2007, appellant refused to submit a urine sample. Subsequently, at a hearing held on March 29, 2007, appellant voluntarily admitted that he had violated the foregoing conditions of his community control.
 {¶ 4} A sentencing/dispositional hearing was held on March 19, 2007. After considering the purposes and principles of sentencing in R.C.2929.11 and the relevant seriousness and recidivism factors in R.C.2929.12, the trial judge sentenced appellant to 11 months in prison for his escape conviction. He also verbally imposed an 18 month sentence in prison on a charge of domestic violence, with the sentences to be served consecutively. The trial court's judgment entry on sentencing notes that appellant is ordered to serve his sentence in this case "consecutive to the sentence in Case No 07-CR-048."
 {¶ 5} Appellant appeals his sentence and asserts the following assignment of error: *Page 3 
 {¶ 6} "I. The trial court's decision to impose maximum and consecutive sentence [sic] as to the one count of the information and probation violation was an abuse of discretion."
 {¶ 7} The lower court number on this case is 05CR118. Appellant's notice of appeal specifies that he is appealing only his sentence in 05CR118. We neither have the record of nor the judgment entry on sentencing for the alleged conviction on a charge of domestic violence, which is apparently denominated as 07-CR-048. Accordingly, we can review only the 11 month sentence imposed for the violations of appellant's community control sanctions. We cannot address the issue of whether the court's decision to impose a maximum sentence in the domestic violence case or the imposition of consecutive sentences because we do not have the record of 07-CR-048 before us. Consequently, appellant's assignment of error as it relates to 07-CR-048 is deemed moot.
 {¶ 8} R.C. 2929.15(B) provides a trial court with three options if an offender violates a condition or conditions of community control.State v. Belcher, 4th Dist. No. 06CA32, 2007-Ohio-4256, ¶ 20. These are: (1) extend the terms of the community control sanction, (2) impose a prison term that does not exceed that prison term specified by the court at the offender's sentencing hearing; or (3) impose a stricter community control sanction. R.C. 2929.15(B). Once a court determines that an offender has violated a community control sanction, its decision to revoke community control is reviewed under an abuse of discretion standard. State v. Wolfson, 4th Dist. No. 03CA25, 2004-Ohio-2750, ¶ 8. Under this standard, we must determine whether the trial court's decision *Page 4 
was arbitrary, unreasonable, or unconscionable-not merely an error of law or judgment. See State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 9} Here, it is undisputed that appellant violated two conditions of his community control. Appellant was fully aware of the fact at the time he was sentenced on his escape conviction that the court would impose a stricter sanction, specifically, 11 months in prison, if he violated any of his community control conditions. Therefore, we cannot say that the trial court's judgment in imposing that sentence is either arbitrary, unreasonable, or unconscionable. Appellant's assignment of error as it relates to 05-CR-118 is found not well-taken.
 {¶ 10} The judgment of the Ottawa County Court of Common Pleas in Case No. 05-CR-118 is affirmed with regard to the imposition of the 11 month sentence in prison only. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 5 
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1