DECISION AND JUDGMENT
{¶ 1} This is a consolidated appeal of judgments of the Lucas County Court of Common Pleas revoking community control and sentencing appellant, Aaron J. Suchomma, to three consecutive 11 month prison terms. In April 2005, appellant was convicted of three fifth degree felonies and sentenced to five years community control on *Page 2 
each offense.[1] In trial court case No. CR05-1348, Suchomma pled no contest and was convicted of theft, a violation of R.C. 2913.02(A)(3)(B)(2) (value $500-$5000). In trial court case No. CR05-1400, Suchomma pled no contest and was convicted of misuse of a credit card, a violation of R.C. 2913.21(B)(2) (value $500-$5000). In trial court case No. CR05-1434, Suchomma pled no contest and was convicted of forgery (of a check), a violation R.C. 2913.31(A)(3).
 {¶ 2} Judgments imposing sentence in each case were filed on April 21, 2005. The judgments set forth the same conditions of community control. They provide the same notice of the specific prison term that may be imposed should the terms and conditions of community control be violated:
 {¶ 3} "Defendant notified that violation of community control, violation of any law, or leaving this state without permission of the court or probation officer, will lead to a longer or more restrictive sanction for defendant, including a prison term of 11 months * * *."
 {¶ 4} On September 14, 2006, the Lucas County Adult Probation Department reported its belief that Suchomma was in violation of the conditions of community control under the three judgments:
 {¶ 5} "Based on the following allegations, the Defendant is believed to be in violation of the conditions of community control: *Page 3 
 {¶ 6} "1. The defendant is believed to have absconded from Community Control supervision. He has failed to report for scheduled appointments, in violation of condition `g' of community control.
 {¶ 7} "2. The defendant has failed to submit urinalysis as instructed, in violation of the special conditions of community control.
 {¶ 8} "3. The defendant has failed to remit monthly payments towards restitution, in violation of both conditions `i' and the special conditions of community control.
 {¶ 9} "4. The defendant has failed to remit monthly payments towards court costs, in violation of both conditions `h' and the special conditions of community control.
 {¶ 10} "5. The defendant has a warrant ($7500.00 no 10%) issued out of Judge Jensen's courtroom for failure to appear for a trial scheduled on 5/3/06 (CR 05-3183). The defendant had been charged with Theft; F-5."
 {¶ 11} The trial court conducted a hearing on September 19, 2006 with respect to the claimed community control violations. At the hearing, Suchomma admitted that he violated the conditions of community control. Specifically, he admitted that he failed to meet with his probation officer for the prior 2½ months and also failed to submit to urinalysis during the period.
 {¶ 12} In judgment entries filed on September 20, 2006, the trial court vacated the sentences for community control and imposed 11 month prison sentences on Suchomma in each case. Under the judgments, the three 11 month prison terms are to be served consecutively. Suchomma appeals those judgments. *Page 4 
 {¶ 13} Appellant asserts three assignments of error on appeal:
 {¶ 14} "I. The trial court erred as a matter of law in imposing consecutive sentences on Arron Suchomma.
 {¶ 15} "II. The trial court erred in not presenting sufficient facts in the record to support imposing consecutive on Arron Suchomma.
 {¶ 16} "III. Trial counsel was ineffective for failing to present significant mitigating evidence in defense of Arron Suchomma."
 {¶ 17} Under Assignments of Error Nos. I and II, Suchomma contends that it was error for the trial court to impose consecutive sentences as sanctions for the violations of community control. Under Assignment of Error No. I, Suchomma claims that the trial court erred as a matter of law in imposing consecutive sentences. In Assignment of Error No. II, he claims that the trial court erred in failing to make necessary findings of fact in order to impose consecutive sentences, citing a Supreme Court of Ohio decision, State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 18} Suchomma also argues that lesser sentences should have been imposed under the facts. He claims that he "did not violate key terms of his community control" and that he complied with the "majority of the community control conditions." He contends that he did not present any danger to himself or the community and that he "was achieving the primary purpose of community control by working and not using drugs or alcohol." *Page 5 
 {¶ 19} Appellant was sentenced for violations of community control in judgment entries filed on September 20, 2006. The Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, was decided on February 27, 2006. Under Foster analysis, appellant's Assignments of Error Nos. I and II are without merit.
 {¶ 20} Under R.C. 2929.15(B), a trial court holds three options as to sanctions it may impose for violations of conditions of community control:
 {¶ 21} "R.C. 2929.15(B) provides a trial court with three options if an offender violates a condition or conditions of community control.State v. Belcher, 4th Dist. No 06CA32, 2007-Ohio-4256, ¶ 20. These are: (1) extend the terms of the community control sanction, (2) impose a prison term that does not exceed that prison term specified by the court at the offender's sentencing hearing; or (3) impose a stricter community control sanction. R.C. 2929.15(B)." State v. Palacio, 6th Dist. No. OT-07-015, 2008-Ohio-2374, ¶ 8.
 {¶ 22} Pursuant to R.C. 2929.19(B)(5), Suchomma was notified at the time of original sentencing to community control that, in the event he violated the conditions of community control, he could face the specific prison term of 11 months under each conviction. Accordingly, under R.C. 2929.14(B)(5), the trial court's sentencing options for Suchomma's violations of community control included imposition of sentences in each case of imprisonment for up to 11 months each. See State v. Barnes, 6th Dist. No. F-06-005, 2007-Ohio-1610, ¶ 6. *Page 6 
 {¶ 23} A trial court's choice of sanction under R.C. 2929.15(B), where the defendant has violated the conditions of community control, is subject to review, on appeal, under an abuse of discretion standard.State v. Palacio at ¶ 8; State v. Wolf son, 4th Dist. No 03CA25,2004-Ohio-2750, ¶ 8. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, quoting State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 24} The Supreme Court of Ohio has recognized that R.C. 2929.15(B) affords a trial court "a great deal of latitude in sentencing the offender" for violations of the conditions of community control.State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 20. "R.C. 2929.15(B) requires the court to consider both the seriousness of the original offense leading to the imposition of community control and the gravity of the community control violation." Id.
 {¶ 25} Appellant's claimed error due to a lack of necessary findings of fact to support consecutive sentences is without merit. Requirements for statutory findings before imposing sentence were eliminated by the Ohio Supreme Court in the decision of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. In Foster, the Ohio Supreme Court "declared certain portions of Ohio's sentencing laws unconstitutional as violative of a defendant's Sixth Amendment Right to a jury trial. Specifically,Foster held the following statutory sections unconstitutional: R.C. 2929.14(B), (C), (D)(2)(b), (D)(3)(b), and (E)(4); R.C. 2929.19(B)(2); and R.C. 2929.41(A). Foster also specifically abrogated *Page 7 Comer, and applied Apprendi v. New Jersey (2000), 530 U.S. 466;Blakely v. Washington (2004), 542 U.S. 296; and United States v.Booker (2005), 543 U.S. 220." State v. Coleman, 6th Dist. No. S-06-023,2007-Ohio-448, ¶ 6.
 {¶ 26} Now, under State v. Foster, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Foster, at paragraph seven of the syllabus.
 {¶ 27} We find no abuse of discretion in the trial court's imposition of consecutive 11 month prison terms as sanctions for violation of community control in these three criminal cases. We find appellant's Assignments of Error Nos. I and II are not well-taken.
 {¶ 28} Under Assignment of Error No. III, appellant contends that he was provided ineffective assistance of counsel because the attorney failed to present evidence to mitigate sentence. Suchomma contends that it was necessary for him to argue for mitigation, himself, at the hearing. Suchomma advised the court that he had been working two jobs while on community control and that he had been undergoing cancer treatment. He claims that counsel could have arranged witness testimony, affidavits from his employers, and subpoenaed medical records to support his arguments. He claims that such "evidence could have persuaded the Trial Court to impose another community control sanction or lesser time of incarceration." *Page 8 
 {¶ 29} To establish ineffective assistance of counsel, a criminal defendant must prove two elements: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense."Strickland v. Washington (1984), 466 U.S. 668, 687. Prejudice underStrickland v. Washington requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 {¶ 30} Additionally, in considering a claim of ineffective assistance of counsel, a court must be "highly deferential" to trial counsel and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A properly licensed attorney in Ohio is presumed to execute his duties in an ethical and competent manner. State v. Hamblin (1988),37 Ohio St.3d 153, 155-56, sentence reversed on other grounds, Hamblin v.Mitchell (C.A.6, 2003), 354 F.2d 482.
 {¶ 31} Suchomma has not claimed that his illness prevented him from appearing for appointments with his probation officer for 2½ months or from submitting samples for urinalysis during the period. At the hearing, he informed the court that he was working two jobs and that he told his probation officer that "I will be coming in to turn myself in within a month or two." He stated he was not paying fines because he was going through radiation and chemotherapy, but also stated that he was working two jobs *Page 9 
and had saved money for other purposes. The trial court concluded that appellant "ignored" the terms and conditions of community control.
 {¶ 32} We have reviewed the record and conclude that it does not support a claim that appellant was prejudiced by the decision not to call witnesses as to his employment or to submit medical records of his cancer condition. The record lacks any basis to conclude that the evidence would act to mitigate appellant's violations of the terms and conditions of community control.
 {¶ 33} The state has argued, in addition, that the decision not to present such evidence at sentencing was a matter of defense strategy and tactics for which the defense of ineffective assistance of counsel does not apply. See State v. Clayton (1980), 62 Ohio St.2d 45, 49; State v.White, 6th Dist. No. L-06-1363, 2008-Ohio-2990, ¶ 63. We do not rule on this alternative ground, as lack of evidence of prejudice to Suchomma precludes any claim of ineffective assistance of counsel. We find appellant's Assignment of Error No. III is not well-taken.
 {¶ 34} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair hearing and the judgments of the Lucas County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of these consolidated appeals pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENTS AFFIRMED. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR.
[1] The statutory maximum term of imprisonment for each offense was 12 months. R.C. 2929.14(A)(5). *Page 1