[Cite as *State v. Carlton*, 2014-Ohio-3835.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY   COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26086 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case Nos. 09-CR-390 |
| v. | : | 09-CR-391 |
| | : | 10-CR-3622 |
| LESTER CARLTON, JR. | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 5th day of September, 2014.

. . . . . . . . . .

MATHIAS  H.  HECK,  JR.,  by  ANDREW  T.  FRENCH,  Atty.  Reg.  #0069384,  Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
          Attorney for Plaintiff-Appellee

VICTOR A. HODGE, Atty. Reg. #0007298, Law Office of the Public Defender, 117 South Main Street, Suite 400, Dayton, Ohio 45422
          Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.,

{¶ 1}     Defendant-appellant Lester Carlton, Jr., appeals from his concurrent, one-year sentences for three counts of felony non-support, imposed after his community control sanctions for those offenses were revoked because of his violation of reporting requirements.  Carlton contends that his sentence must be reversed, because the record fails to reflect that the trial court considered the purposes and principles of sentencing or the seriousness and recidivism factors set forth in R.C. 2929.11 and R.C. 2929.12.

{¶ 2}     We conclude that a trial court is presumed to have considered the purposes and principles of sentencing, and the statutory seriousness and recidivism factors, unless the record suggests to the contrary.  We find nothing in this record to suggest that the trial court failed to consider those purposes, principles, and factors.  Accordingly, the judgment of the trial court is Affirmed.


## I.   Carlton's Non-Support Convictions

{¶ 3}     In May, 2009, in Montgomery County Common Pleas Court Case No. 09-CR-390, Carlton pled guilty to one count of the failure to pay child support, in violation of R.C. 2919.21(B), a felony of the fifth degree, and to one count of the failure to pay child support, in violation of R.C. 2919.21(B), a felony of the fourth degree.  Two other counts were dismissed.  A judgment of conviction was entered May 8, 2009, on the fifth-degree felony count, imposing community control sanctions.  A judgment of conviction was not entered on the fourth-degree felony count until February 13, 2014, after the revocation proceeding that appears to have triggered this appeal.  The trial court imposed a single, twelve-month sentence for both offenses, to be served concurrently with the sentences imposed in the other two cases.  This entry was signed by a different judge than the judge who had, two days earlier, signed the entry

revoking Carlton's community control sanctions and imposing a twelve-month sentence for the fifth-degree felony in this case, Case No. 09-CR-390. Carlton is not raising on appeal any issues with respect to the fact that two different judges have signed judgment entries imposing sentence in this case. In any event, the total sentence imposed in Case No. 09-CR-390, in each of the two sentencing entries, is the same: twelve months to be served concurrently with the sentences imposed in the other two cases.

{¶ 4} On the same day in May, 2009, in Case No. 09-CR-391, Carlton pled guilty to one of two fifth-degree felony counts of failure to pay child support. The other count was dismissed. Community control sanctions were imposed in this case.

{¶ 5} In January, 2011, in Case No. 2010 CR 03622, Carlton pled guilty to two fifth-degree counts, and one fourth-degree count, of failure to pay child support. He failed to appear for sentencing. He also failed to report to the Montgomery County Adult Probation Department, as required by the terms of his community control sanctions imposed in the other two cases. More than two years later, he was arrested. In July, 2013, Carlton was sentenced to community control sanctions in this case.

## II. The Revocation Proceeding

{¶ 6} In December, 2013, Carlton was served with notice of a revocation hearing, in which it was alleged that he had: (1) "failed to make full payments in [his] court ordered child support cases"; (2) "failed to attend scheduled office visits on September the 16th and 23rd," and "failed to attend an office visit for the entire month of November and failed to report until your Non-Support Hearing on December 16"; and (3) "failed to make payments toward your court

costs, * * * failed to report to the Adult Probation Department as required, * * * failed to complete the Male Issues Seminar[,] and * * * failed to comply with your Court Ordered Child Support."

{¶ 7}     Following a hearing, the trial court revoked Carlton's community control sanctions in all three cases, and imposed concurrent, twelve-month prison sentences for all of the non-support convictions except the one fourth-degree count in Case No. 09-CR-390.   The trial court expressly based its decision to revoke community control solely upon Carlton's failure to have reported weekly as required by the terms of the community control sanctions.   Two days later, as noted in Part I, above, a different judge imposed a twelve-month prison sentence for both of the non-support counts in Case No. 09-CR-390, to be served concurrently with all of the other sentences in both of the other cases.

{¶ 8}     From the sentence, Carlton appeals.   His sole assignment of error is as follows:

THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING A SENTENCE OF INCARCERATION FOR A COMMUNITY CONTROL VIOLATION WITHOUT CONSIDERING THE PURPOSES AND PRINCIPLES OF SENTENCING (R.C. 2929.11) AND SERIOUSNESS AND RECIDIVISM FACTORS (R.C. 2929.12).

### III.   There Is Nothing in this Record to Overcome the Presumption that the Trial Court Considered the Purposes and Principles of Sentencing and Seriousness and Recidivism Factors

{¶ 9}     As a preliminary matter, we note that the sentence the trial court imposed was not

"for a community control violation," as recited in Carlton's assignment of error. The sentences were imposed for Carlton's felony non-support convictions.

{¶ 10}   R.C. 2929.11 provides as follows:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender.

{¶ 11}   R.C. 2929.12(B) sets forth certain factors that, along with "any other relevant factors," a trial court "shall consider * * * as indicating that the offender's conduct is more

serious than conduct normally constituting the offense." Division (C) of that same section sets forth certain factors that, along with "any other relevant factors," a trial court "shall consider * * * as indicating that the offender's conduct is less serious than conduct normally constituting the offense." Division (D) sets forth certain factors that, along with "any other relevant factors," a trial court "shall consider * * * as factors indicating that the offender is likely to commit future crimes." Finally, Division (E) sets forth certain factors that, along with "any other relevant factors," a trial court "shall consider * * * as factors indicating that the offender is not likely to commit future crimes."

{¶ 12} Neither in the trial court's remarks at the sentencing hearing following the revocation hearing, in the February 11, 2014 sentencing entry, nor in the February 13, 2014 sentencing entry, is there any express indication that the trial court considered the purposes and principles of sentencing, or the seriousness and recidivism factors.

{¶ 13} Carlton argues that: "Where the record does not affirmatively indicate that the [trial court] applied R.C. 2929.11 and R.C. 2929.12, the sentence is contrary to law. [*State* v.] *Kalish*, [120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124]; [*State v.*] *Rodeffer*, [2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.)]; [*State v.*] *Haley*, [12th Dist. Butler No. CA 2012-10-212, 2013-Ohio-4531]." Carlton's brief at p. 8. The lead opinion in *Kalish* contains the following footnote 4 at ¶ 18:

> Of course, where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes. Cf. *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus.

{¶ 14} Only three of the justices concurred in the lead opinion. Judge Willamowski, of the Third Appellate District, sitting for Justice Cupp, concurred in the judgment, but wrote a separate opinion addressed to the proper standard of appellate review of a felony sentence. In that opinion, at ¶ 37, Judge Willamowski did opine that the holding in *Adams* that a silent record raises the presumption that the trial court considered the factors set forth in R.C. 2929.12 had been implicitly overruled in *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶ 15} Significantly, however, Justice Lanziger's dissenting opinion, in which two other justices concurred, did not address the issue of whether a silent record raises a presumption that the trial court has considered the statutory factors. Thus, in *Kalish* there are three justices on record opining that a silent record raises the presumption, one appellate judge sitting for a justice opining that a silent record does not raise the presumption, and three justices taking no position on that issue. We conclude that *Kalish* does not offer any support for Carlton's argument that a trial court's consideration of statutory sentencing factors may not be presumed from a silent record.

{¶ 16} In *Rodeffer*, the next case Carlton cites, we noted at ¶ 32 that: "According to *Kalish*, a sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." This merely notes that the facts in *Kalish* were that the trial court had expressly stated that it had considered the statutory factors. Obviously, if a trial court does state, on the record, that it has considered the statutory factors, there is no need to rely upon a presumption that it did so. This is why the lead opinion in *Kalish*, in noting that a silent record would raise the presumption, does so in a footnote, not in the body of the opinion; in the *Kalish* opinion, the existence of a silent record is a

hypothetical fact, not present in that case. We conclude that our opinion in *Rodeffer* does not address the issue of whether a silent record would give rise to a presumption that the trial court has considered the statutory factors, since the record in *Rodeffer* was not silent on that point.

{¶ 17} Likewise, in *Haley*, the third of the cases Carlton cites, the opinion notes at ¶ 14 that the trial court in that case had stated that it had considered the statutory factors, both at the hearing, and in its sentencing entry. The *Haley* opinion did not concern itself, therefore, with the situation, hypothetical in that case, in which a record is silent as to whether the trial court had considered the statutory factors. Therefore, we conclude that the *Haley* opinion is not authority for the proposition that consideration of the statutory sentencing factors may not be presumed from a silent record.

{¶ 18} As the State notes, we have held on more than one occasion that a trial court's consideration of the statutory sentencing factors may be presumed from a silent record. *State v. Imber*, 2d Dist. Clark No. 11CA0063, 2012-Ohio-3720, ¶ 26; *State v. Neff*, 2d Dist. Clark No. 2012-CA-31, 2012-Ohio-6047, ¶ 5; and *State v. Gibson*, 2d Dist. Champaign No. 2012-CA-38, 2013-Ohio-2930, ¶ 35. We see no reason to depart from that holding in this case.

{¶ 19} Although the trial court did not refer either to the purposes and principles of sentencing (R.C. 2929.11) or to the seriousness and recidivism factors (R.C. 2929.12) in its announcement of its sentencing decision, its remarks during its revocation decision, immediately preceding the sentencing hearing, are instructive, especially since Carlton's counsel, in closing argument, had addressed not only the issue of whether Carlton had violated the terms of his community control sanctions, but also the issue of the proper sanction to be imposed. The trial court's remarks included the following:

In the Court's view the primary issue is one of failure to report. How does that play out in terms of my judgment? There was a two year failure to report that was admitted by Mr. Carlton. That was a failure to report that preexisted Judge Dankof's granting, if you will, of another chance to Mr. Carlton.

Mr. Carlton said he was going through a very difficult time – the death of a child, injury to his stepfather, other events in his life that basically put him in a mental condition where he simply did not report for two years. It was under those circumstances that Judge Dankof received the case on a revocation and did not revoke, but chose to give Mr. Carlton another chance. If we were just talking about that two year period, if that was the only issue of non-reporting before me, I would say, you know, my colleague – my friend, Judge Dankof, someone whose judgment I greatly respect had that before him and he chose not to revoke. And that would have an impact on me. The problem is I've got another substantial period where you did not report, Mr. Carlton. And I'm talking about October the 29th to December the 29th.

Now, what you've testified to is, hey, Scott Hartings [sic, Carlton's probation officer] was hard to get hold of. I left phone messages, I tried to call Donnie Anderson [Harting's "coverage partner"]. But you said yourself, you made no effort – there was no attempt, no single attempt to go down to the probation department.

This follows a period of two years where you had not reported at all and you knew that was a big issue. You basically were given another opportunity despite that big problem, and yet, in the context of not seeing Mr. Harting as

required, you didn't go down to the probation department. You didn't either seek him out or seek out – and I'm looking now at Rule 5 of the general conditions of supervision. And this was something as has been acknowledged. The State's Exhibit 1. It was something you signed back in 2009 and the provision remains the same. But the provision indicates, "I shall report at such time and place as directed by my probation officer. If my probation officer is unavailable –" there was testimony Mr. Harting was out for a period of time in November. Not all of November and certainly not December 1 to December the 29th. That's 29 days of December where whatever happened in November that drew him out of the office – I think it was a vacation – that wasn't the case. There's no evidence of that at all that he was out in December.

And so according to Rule 5 which you're acknowledging in State's Exhibit 1, you shall report if Mr. Harting is unavailable to the officer of the day. His testimony was when he is out the officer of the day – the person that covers for him as he covers for this person – is Donnie Anderson. So you were in a position in November, in December to go down there to look for Donnie Anderson. And, indeed if Donnie Anderson, the officer of the day, was not available, you were in a position pursuant to this requirement – this rule to look for the supervisor, the manager, the assistant deputy, or the deputy court administrator. You had a number of people that you could have reported to.

The Court finds as a matter of law your attempt to call – I don't know how many times – it wasn't clear – how many times you attempted to call, but that's

not reporting when you have a number of people that would be available to you if you simply went down to the probation office.

Why should you do that? You're the person under probation. You're the person who is on community control sanctions and it's up to you – it's incumbent upon you to follow those requirements. You're the person that has to follow the requirements. And this is after this two year non-reporting period which, as I have said, if that was all that was before me, I would not revoke based on that because I think Judge Dankof dealt with that. But when there follows another substantial period on the heels of that, that's a different – in the Court's view – that's a different composition which leads me to the conclusions that I've reached.

{¶ 20} We find nothing in the record to rebut the presumption that the trial court considered the purposes and principles of sentencing, and the seriousness and recidivism factors, when it imposed sentence in this case. In the above-quoted remarks the trial court twice stressed the fact that Carlton's having absconded for two months in late 2013 occurred just months after he had absconded for over two years, during which time Carlton made only three or four partial payments of child support. This suggests, at least, that the trial court was considering the recidivism factor represented by Carlton's having absconded just shortly after a prior, longer period during which he absconded, after which he was given another chance at community control sanctions. It also suggests that the trial court gave consideration, in accordance with R.C. 2929.11(A), to the fact that continuing community control sanctions as the sentence for these offenses could no longer be deemed to be the minimum sanction needed to achieve the purposes of felony sentencing without imposing an unnecessary burden on state or local

government resources, since the community control sanctions that had been imposed were not working.

{¶ 21} We conclude that the record does not support Carlton's sole assignment of error, which we overrule.

## IV.  Conclusion

{¶ 22} Carlton's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

WELBAUM, J., concurs.

FROELICH, P.J., concurring:

{¶ 23} On this record, I concur in judgment.

{¶ 24} As stated in *State v. Lewis*, 2d Dist. Montgomery No. 23505, 2010-Ohio-3652, ¶ 14, 15:

> We understand Appellant's argument to be further that even if he were in violation of the conditions of his community control, the court should have imposed a less restrictive sanction and continued him on community control. "Community control is *not* a contract for good behavior.  The community control sanction is deemed the appropriate sentence to both punish the offender and protect the public.  Community control is not 'a break'; it is the punishment that fits the crime." *State v. Beverly*, Ross App. No. 01 CA 2603, 2002-Ohio-118 (emphasis in original).

R.C. 2929.15(B) provides a trial court with three options if an offender violates a condition or conditions of community control. *State v. Belcher*, Lawrence App. No. 06 CA 32, 2007-Ohio-4256, ¶ 20. These are: (1) extend the terms of the community control sanction, (2) impose a prison term that does not exceed that prison term specified by the court at the offender's sentencing hearing; or (3) impose a stricter community control sanction. R.C. 2929.15(B)." *State v. Palacio*, Ottawa App. No. OT-07-015, 2008-Ohio-2374, ¶ 8. A trial court's choice of sanction under R.C. 2929.15(B), where the defendant has violated the conditions of community control, is subject to review on appeal under an abuse of discretion standard. *Id.*; *State v. Wolfson*, Lawrence App. No. 03 CA 25, 2004-Ohio-2750, ¶ 8.

{¶ 25} Regardless, this is not an appeal pursuant to R.C. 2953.08 so our abuse of discretion review has not been changed. *See, e.g., State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.).

{¶ 26} I believe the wording in the majority opinion that compliance with statutory mandates is always presumed and the burden is always on the appellant to show noncompliance is too broad.

{¶ 27} R.C. 2929.11(A) requires that a sentencing court be guided by the overriding purposes of felony sentencing: to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines can accomplish these purposes without imposing an unnecessary burden on state or governmental resources.

{¶ 28} To achieve these purposes, the court <u>shall</u> consider the need for incapacitating the

offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution. Similarly, R.C. 2929.12 grants discretion to the court, but says, in exercising that discretion, the court <u>shall</u> consider the factors set forth in divisions (B)(C)(D)(E) and (F).

{¶ 29} If a court does not adhere to these statutory requirements, it is abusing its discretion and the sentence would be reversed. The burden on an Appellant is to demonstrate reversible error.

{¶ 30} Unlike R.C. 2929.14(C)(4), these statutes do not require "findings" on the record, *cf. State v. Bonnell*, Slip Opinion No. 2014-Ohio-3177, syllabus. But they do require consideration of, at least, the enumerated factors, and the exercise of judicial discretion in applying them.

{¶ 31} Even in a case such as this where the court may be presumed to have considered the factors, the proper exercise of its discretion in imposing a sentence is still subject to appellate review.

{¶ 32} Carlton has not assigned abuse of discretion as error, and I would not find any if it were alleged.

. . . . . . . . . .

Copies mailed to:

Mathias H. Heck
Andrew T. French
Victor A. Hodge
Hon. Michael W. Krumholtz