[Cite as *State v. Mahler*, 2019-Ohio-3817.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                     Court of Appeals No. OT-17-035

    Appellee                                Trial Court No. 15 CR 048

v.

Robert Mahler                              **DECISION AND JUDGMENT**

    Appellant                               Decided: September 20, 2019

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Gallé Rivas, Assistant Prosecuting Attorney, for appellee.

Russell V. Leffler, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal of the judgment of the Ottawa County Court of Common

Pleas, convicting appellant, Robert Mahler, of one count of gross sexual imposition in

violation of R.C. 2907.05(A)(4) and (C)(2), a felony of the third degree, and sentencing

him to 60 months in prison. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On May 13, 2015, the Ottawa County Grand Jury indicted appellant on two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree. Appellant pleaded guilty to one count of gross sexual imposition, and in exchange the state dismissed the other count. The trial court then sentenced appellant to 60 months in prison.

{¶ 3} Appellant appealed his conviction, and in *State v. Mahler*, 6th Dist. Ottawa No. OT-16-009, 2017-Ohio-1222, we reversed. We held that because the trial court failed to advise appellant at the plea hearing that he would be classified as a Tier II sex offender, and likewise failed to inform appellant of his community notifications and residential restrictions, the plea must be vacated. We thus remanded the case to the trial court for a new plea hearing.

{¶ 4} The plea hearing upon remand was held on August 4, 2017. At that hearing, appellant admitted that between June 1, 2010, and September 21, 2010, he touched the genitals of his girlfriend's granddaughter, who was less than 13 years old at the time. The trial court accepted appellant's plea, and the matter proceeded to a sentencing hearing on November 3, 2017.

{¶ 5} At the sentencing hearing, counsel for appellant asserted that appellant became a very religious man who, despite previously denying the allegations when they originally occurred in 2010, confessed to his counselor in 2015 that he had in fact touched the victim. The counselor was required to report the admission, and then appellant admitted to the crime to law enforcement. Counsel stated that appellant

2.

confessed as part of his reconciliation with God. Counsel argued that appellant was not a risk to reoffend in that no other allegations have arisen in the intervening years, appellant has no criminal history, and he has family in town that can support him. Further, counsel noted that appellant has already served approximately 20 months in prison, and to the extent that there are lessons to be learned from being sent to prison, appellant has learned them. Therefore, counsel argued that appellant should be placed on community control.

{¶ 6} Following the statements from the parties, the court stated that it considered the principles and purposes of sentencing in R.C. 2929.11, and weighed the seriousness and recidivism factors under R.C. 2929.12. In particular, the trial court found that the "more likely" recidivism factors do not outweigh the "less likely" factors, but the "more serious" factors do outweigh the "less serious" factors. Thus, the trial court sentenced appellant to 60 months in prison, with credit for 610 days served.

## II. Assignment of Error

{¶ 7} Appellant has timely appealed his judgment of conviction, and now asserts one assignment of error for our review:

1. It was prejudicial error and such an abuse of discretion for the court to sentence this defendant on these facts to the maximum sentence that it was an unlawful sentence.

## III. Analysis

{¶ 8} We review felony sentences under the approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court "may increase, reduce, or

3.

otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * * if it clearly and convincingly finds: * * * (b) That the sentence is otherwise contrary to law."

{¶ 9} In *Tammerine*, we acknowledged that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, still can provide guidance for determining whether a sentence is clearly and convincingly contrary to law. *Tammerine* at ¶ 15. The Ohio Supreme Court in *Kalish* held that where the trial court considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily permissible range, the sentence was not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

{¶ 10} In his brief, appellant argues that this was a one-time incident based on the facts that he has no prior criminal record, he is now in his late 50s, he has confessed to the crime, and has reconciled with God. Thus, he concludes that a prison term is not necessary to protect the public from future crime as that standard is set forth in R.C. 2929.11.

{¶ 11} Under R.C. 2929.12, the trial court has "discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." Moreover, we have held that "[a] trial court's discretion to impose a sentence within the statutory guidelines is very broad." *State v. Harmon*, 6th Dist. Lucas No. L-05-1078, 2006-Ohio-4642, ¶ 16. In reaching its conclusion that a 60-month prison term was warranted, the trial court expressly considered the principles and purposes of sentencing in R.C. 2929.11, and weighed the

4.

seriousness and recidivism factors in R.C. 2929.12.  In reviewing the court's decision, we cannot diminish the fact that appellant admitted to touching the genitals of a minor child for purposes of sexual gratification.  Therefore, we hold that appellant's prison sentence is not clearly and convincingly contrary to law.

{¶ 12} Accordingly, appellant's assignment of error is not well-taken.

### IV.  Conclusion

{¶ 13} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.
_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.