**[Cite as *State v. Spears*, 2020-Ohio-221.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                                   Court of Appeals No. WD-19-025

      Appellee                                             Trial Court No. 2015CR0400

v.

Reva Spears                                                  **DECISION AND JUDGMENT**

      Appellant                                            Decided:  January 24, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Reva Spears, appeals the February 26, 2019 judgment of the Wood County Court of Common Pleas which, following appellant's admission to a community control violation, sentenced her to 18 months of imprisonment.  For the reasons that follow, we affirm.

**{¶ 2}** On October 22, 2015, appellant was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(2) and (D)(1)(a). On December 15, 2015, appellant entered a guilty plea to the amended charge of attempted felonious assault, a third-degree felony with a maximum sentence of 36 months. On that date, appellant was informed:

> This is a felony. As such, you face possible prison time. * * *. In lieu of prison the Court could place you on what is called community control sanctions, and the Court could establish certain things for you to do. And if you failed to comply with those, you could then be sent back to prison up to the maximum, which for the amended charge is thirty-six months.

Appellant indicated that she understood.

**{¶ 3}** Following multiple continuances and the issuance of an arrest warrant, appellant was sentenced on December 2, 2016, to three years of community control with several conditions including that upon sentencing she remain in the custody of the Wood County Justice Center and complete the Correction Treatment Facility (CBCF) program, that she have no criminal offenses, and that she report to adult probation upon her release from the CBCF.

**{¶ 4}** On November 2, 2018, the state filed a petition for revocation of community control alleging that appellant violated the terms of her community control by failing to enter and complete the CBCF program, failing to contact her probation officer and notify

2.

the officer of her telephone number and address, and by her February 2018 prostitution conviction. At the February 22, 2019 probation violation hearing, appellant stipulated to the violations. The court then sentenced appellant to an 18-month prison sentence for attempted felonious assault. This appeal followed with appellant raising the following assignment of error:

> The trial court did not comply with R.C. 2929.11 and 2929.12 in sentencing appellant to eighteen months in the Ohio Department of Rehabilitation and Corrections instead of ordering community control sanctions.

{¶ 5} R.C. 2929.15(B) provides a trial court with three options if an offender violates a condition or conditions of community control. *State v. Clark*, 6th Dist. Wood No. WD-12-073, 2013-Ohio-4831, ¶ 23. These are: (1) extend the terms of the community control sanction, (2) impose a prison term that does not exceed that prison term specified by the court at the offender's sentencing hearing; or (3) impose a stricter community control sanction. R.C. 2929.15(B). Once a court determines that an offender has violated community control, its choice of sanction under R.C. 2929.15(B) is reviewed under an abuse of discretion standard. *Id.*, citing *State v. Suchomma*, 6th Dist. Lucas Nos. L-07-1325, L-07-1326, L-07-1327, 2008-Ohio-5018, ¶ 23. Under this standard, we must determine whether the trial court's decision was arbitrary, unreasonable, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 6} In the present matter, the court opted to impose a prison term. In complying with the principles and purposes of sentencing under R.C. 2929.11, a trial court has broad discretion to impose a sentence within the statutory guidelines. *State v. Mahler*, 6th Dist. Ottawa No. OT-17-035, 2019-Ohio-3817, ¶ 11, quoting *State v. Harmon*, 6th Dist. Lucas No. L-05-1078, 2006-Ohio-4642, ¶ 16. In reaching its conclusion that an 18-month prison term was warranted, the trial court expressly considered the principles and purposes of sentencing in R.C. 2929.11, and weighed the seriousness and recidivism factors in R.C. 2929.12. Appellant stipulated to violating three conditions of her community control. At the time she was sentenced on her attempted felonious assault conviction, appellant was clearly made aware that the court could impose a stricter sanction, specifically, up to 36 months in prison, if she violated any of the community control conditions. Appellant contends, however, that in sentencing her the court failed to consider various mitigating factors such as the fact that there was confusion surrounding her admission into the CBCF program, appellant's mental health, and the fact that she suffers from ADHD and dyslexia.

{¶ 7} In reviewing the court's decision, we again note that the sentence imposed was within the statutory guidelines and, in fact, was half of the stated maximum. The court specifically noted that the victim suffered serious physical harm, that appellant failed to participate in the PSI interview, and that she "completely absconded" from community control. Therefore, we hold that the court did not abuse its discretion in

4.

imposing a prison sentence and appellant's prison sentence is not contrary to law. Appellant's assignment of error is not well-taken.

{¶ 8} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                    _____

JUDGE

Arlene Singer, J.                      

Gene A. Zmuda, P.J.                              _____
CONCUR.

JUDGE

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.